■ In the Matter of the Claim of ALBERT DE LOOZE, Respondent, v. CHARLES H. ROGERS CONSTRUCTION COMPANY et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— GIBSON, P. J. Appeal from a decision of the Workmen's Compensation Board which discharged respondent Special Fund from liability with respect to the 1960 back injury and disability for which an award was made against appellants, who contend that a 1944 back injury combined with the 1960 incident to cause a permanent disability "materially and substantially greater than that which would have resulted from the subsequent injury * * * alone". (Workmen's Compensation Law, § 15, subd. 8, par. [d].) No basis appears for interfering with the board's factual determination that claimant's disability is due equally and exclusively to accidental injuries sustained in 1960, 1961, 1962 and 1963. Dr. Acquilino testified that the 1960 accident "caused the original serious damage" and, with respect to the 1944 incident, he said that "the patient states that he had no trouble at all * * * I was not there, therefore, I cannot say." Dr. Murphy testified that he could not give an opinion as to the effect of the 1944 episode "without having medical reports and having seen the man". Appellants rely on the testimony of Dr. Vosburg, who examined claimant in 1961, and said, albeit equivocally and with some reservations,

that 60% of claimant's permanent disability was due to the 1944 incident and 15% thereof to that of 1960; but the board was, of course, entitled to reject that opinion. We find no substantial basis for appellants' present, belated contention that a remark by respondent Special Fund's attorney is to be construed as an admission of the very liability the Fund was then contesting before the Referee. The remark may well have been no more than the impatient and unnecessary "concession" of the obvious correctness of opposing counsel's arithmetic, with no "concession" of the validity of the percentage figures involved, as to which Dr. Vosburg had just testified. At any rate, appellants' present contention was not clearly or intelligibly urged before the board, so as to permit of its evaluation at that level. Having determined the second-injury issue by denial of causation, the board did not discuss the seemingly tenuous proof tendered to indicate appellant employer's informed knowledge of a permanent impairment. Decision affirmed, with costs to respondent Special Fund. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Gibson, P. J.